UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNCAN LINDSEY,<br><br>                    Plaintiff,<br><br>v.<br><br>ELSEVIER INC., et al.,<br><br>                    Defendants. | Case No.: 16-cv-00959-GPC (DHB)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE** |

On January 25, 2017, the Court held a telephonic Discovery Conference with counsel for Plaintiff Duncan Lindsey ("Plaintiff") and Defendants Elsevier Inc., Elsevier B.V., and Elsevier, Ltd. (collectively, "Defendants"). (*See* ECF No. 36.) In its December 22, 2016 Order, the Court set the Discovery Conference in order to discuss potential bifurcation of the case between liability and damages, and the status of discovery. (ECF No. 31.)

To the extent it was not previously clear from the Court's December 22, 2016 Order, all prior motions to compel are hereby **DENIED WITHOUT PREJUDICE**. (*See* ECF Nos. 24, 30.) After hearing arguments from the parties during the Discovery Conference, the Court also **DENIES** Defendants' motion to bifurcate and stay discovery. (*See* ECF No.

27.)  As discussed during the Settlement Conference, the Court does not find any further phasing of discovery or bifurcation to be appropriate.  Phase I of discovery did not meet its goal of enabling the parties the discuss settlement.  Instead, it wasted nine months, accomplished little, and left the parties in a discovery quagmire.  Accordingly, the Court finds good cause to issue an Amended Scheduling Order opening up discovery on all issues.[1]  The parties should therefore proceed with full discovery within the parameters discussed during the Discovery Conference and as laid out below.

### 1.   Protective Order

The existing Protective Order in this case protects the confidentiality of trade secrets, but does not contain an "Attorney's Eyes Only" provision. (ECF No. 18.)  The Protective Order may, however, be modified by the parties or by the Court "for good cause, or in the interest of justice, or on its own order at any time in these proceedings." (*See id*. at p. 9.) In light of Plaintiff's alleged threats that discovery in this matter "could lead to other customer lawsuits,"[2] the Court reminds Plaintiff of both his confidentiality obligations under the Protective Order and the Court's ability to modify the Protective Order at any time in these proceedings.

As discussed during the Discovery Conference, if, during the course of these proceedings, a party believes a trade secret cannot or will not be protected absent an "Attorney's Eyes Only" provision, the party may move to modify the Protective Order as to that trade secret.[3]  In any Joint Motion for Modification of the Protective Order, the party seeking protection must establish that the information sought is in fact a trade secret, and

---

[1]   The Court will not consider any prior discovery requests, to the extent they are withdrawn, as counting towards the parties' limitations on discovery. *See e.g.*, Fed. R. Civ. P. 33; Civ. L.R. 33.1, 36.1.

[2]   *See* ECF No. 35 at p. 5 n. 1.

[3]   The Court advises the parties that this should not be viewed as an opportunity to re-litigate the prior Joint Motion Re: Disputed Protective Order. (*See* ECF No. 12.) There must be a specific, non-speculative changed circumstance.

that its disclosure would be harmful to the party's interest in the property. *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554-550 (C.D. Cal. 2007). The party seeking disclosure must then establish that the information is relevant to the party's claims or defenses or the subject matter of the lawsuit, and is necessary to prepare the case for trial. *Id.* at 555.

If a party fails to comply with the Protective Order, at any time, the Court advises that it will not hesitate to impose "any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." *See* Civ. L.R. 83.1.

### 2. Discovery

As stated in Federal Rule of Civil Procedure 26(b), discovery is limited to "any nonprivileged matter that is **relevant** to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added).

As discussed during the Discovery Conference, absent a compelling argument not presently before the Court, the Court advises that discovery concerning what third parties "intended" when they entered their own contracts with Defendants is not relevant. The Court further advises that it will not hesitate to order payment of attorney's fees and costs going forward as set forth in Federal Rule of Civil Procedure 37. The Court will also consider cost-shifting if discovery appears unduly burdensome or expensive. *See* Fed. R. Civ. P. 26(c)(1)(B); *OpenTV v. Liberate Techs.*, 219 F.R.D. 474, 475-76 (N.D. Cal. 2003); *Nehad v. Browder*, No. 15-cv-1386 WQH NLS, 2016 WL 3769807, at *3 (S.D. Cal. July 15, 2016).

///

     The Court will separately issue an Amended Scheduling Order. If the parties need to modify the Amended Scheduling Order, they may do so by Joint Motion and upon a showing of good cause.

     IT IS SO ORDERED.

Dated: January 27, 2017

                                          LOUISA S PORTER
                                          United States Magistrate Judge